UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMY DRACHMAN,
    Plaintiff,

v.                                                          CIVIL ACTION NO. 16-11022-GAO

BOSTON SCIENTIFIC CORPORATION,
ANN FITZPATRICK,
ELIZABETH S. HENDLER, and
JEAN F. LANCE,
    Defendants.

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR LEAVE TO
FILE A SECOND AMENDED COMPLAINT (#30).

KELLEY, U.S.M.J.

I. <u>Introduction</u>.

On September 9, 2016, plaintiff Amy Drachman filed the operative first amended complaint (#20) against her former employer Boston Scientific Corporation (BSC) and several of its executive employees alleging violations of the Family Medical Leave Act, the Massachusetts Wage Act, the Americans with Disabilities Act, as well as common law claims for breach of contract and the covenant of good faith and fair dealing. Defendants moved to dismiss portions of the first amended complaint. (#21.) This court issued a Report and Recommendation in which it recommended allowing defendants' motion in part and denying it in part (#28), which

recommendation was adopted in full by the district judge to whom this case is assigned, O'Toole, J. *See* (#34.)

Presently before the court is Drachman's motion for leave to file a second amended complaint (##30, 31).[1] Plaintiff seeks to amend the complaint by adding a claim against BSC for violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, along with facts in support. *See* (#30); *see also* (#35-1, revised proposed second amended complaint.) Defendants[2] responded in opposition (##32, 40). At this juncture the motion stands ready for decision.

## II. The Facts.

General familiarity with the facts of this case is presumed.[3] The court will set forth abbreviated facts as alleged in the revised proposed second amended complaint in order to set the stage.

BSC is a medical device manufacturer and Drachman's former employer. (#35-1 ¶¶ 5, 7.) Plaintiff began working for BSC on September 1, 2010 as BSC's Director of Employment Policy and Compliance. *Id.* ¶¶ 5, 11. Drachman has a medical condition that, in 2013, resulted in her taking a leave of absence from work and limited her to working in a part-time capacity after that. *Id.* ¶¶ 12-21. Drachman alleges that BSC failed to make appropriate accommodations for her and ultimately terminated her because of her disability. *See generally id.*

---

[1] In addition to her motion to amend and memorandum in support, plaintiff filed a second motion containing supplemental evidence in support of her motion to amend along with a revised proposed second amended complaint. (#35.) To the extent Drachman's additional submission was intended to be a motion, it was denied. (#36.) That said, the court will consider the supplemental information and revised proposed second amended complaint as part of its review of Drachman's initial motion to amend.

[2] While the additional claim is alleged solely against BSC, all defendants jointly opposed plaintiff's motion for leave to amend. *See* (##32, 40.) For the sake of consistency and in accordance with their memoranda, the court will refer to the opposing party as "defendants."

[3] A complete recitation of the underlying facts of this case can be found in this court's earlier Report and Recommendation. (#28 at 2-7.)

III. Standard of Review.

Rule 15, Fed. R. Civ. P., provides in relevant part that "[t]he court should freely give leave [to amend] when justice so requires." The inquiry here is whether Drachman's proposed amendments would be futile.[4] *See Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) ("futility is fully sufficient to justify the denial of a motion to amend"); *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 59 (1st Cir. 1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters."). The First Circuit has explained that the court's leave to amend analysis is context specific. *See Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (addressing a district court's decision to deny a motion for leave to amend, the court noted that "[e]verything depends on context.").

> If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). *See Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996). In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.

*Hatch*, 274 F.3d at 19; *Juarez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 276 (1st Cir. 2013) (same).

Applying the Rule 12(b)(6) standard, the court must "'accept as true all well-pleaded facts set forth in the [proposed] complaint and draw all reasonable inferences therefrom in the pleader's favor.'" *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting *Artuso v.*

---

[4] To the extent defendants advance the argument that plaintiff's motion should be denied because of undue delay or prejudice to them, the court is unpersuaded. Drachman posits that her claim is based in part on recently discovered information, *see* (#35 ¶ 9), and the posture of the case is such that it remains in its infancy, i.e., a scheduling conference has not been held. Thus, any need to expand the scope of discovery to include the additional claim would have a minimal effect, given that the parameters of discovery have yet to be defined.

3

*Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1st Cir. 2011)). When considering the viability of a proposed amendment, the court "may augment these facts and inferences with data points gleaned from documents incorporated by reference [. . .], matters of public record, and facts susceptible to judicial notice." *Haley*, 657 F.3d at 46 (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)).

In order to pass muster under Rule 12(b)(6), Drachman must provide "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "obligation to provide the grounds of [plaintiff's] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and alteration omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to cross the "line from conceivable to plausible." *Id.* at 555, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). Simply put, the court should assume that well-pleaded facts are genuine and then determine whether such facts state a plausible claim for relief. *Id.* at 679.

### IV. <u>Discussion</u>.

The Rehabilitation Act states that:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

4

29 U.S.C. § 794(a). Programs or activities as they relate to corporations (such as BSC) are defined to include instances in which "assistance is extended to such corporation . . . as a whole" or if the corporation "is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation." *Id.* at (b)(3)(A)(i-ii).

> Thus, to prevail on her § 504 claim,[5] [Drachman] must prove four elements. She must show (1) that she is disabled; (2) that she sought services from a federally funded entity; (3) that she was 'otherwise qualified' to receive those services; and (4) that she was denied those services 'solely by reason of her . . . disability.'

*Lesley v. Hee Man Chie*, 250 F.3d 47, 52-53 (1st Cir. 2001) (some alteration in original). The point of contention between the parties with respect to Drachman's prima facie showing is whether BSC constitutes a federally funded entity under the Rehabilitation Act. Plaintiff proffers a number of additional allegations in her proposed pleading relating to her Rehabilitation Act claim. *See* (#35-1 ¶¶ 99-114.) The court finds that one of these allegations potentially falls under the category of receipt of federal funding by BSC "as a whole," 29 U.S.C. § 794(b)(3)(A)(i), while the remainder pertain to BSC's allegedly being "principally engaged in the business of providing . . . health care," *id*. at (b)(3)(A)(ii).

### A. Receipt of Funds as a Whole – 29 U.S.C. § 794(b)(3)(A)(i).

As explained by the relevant 1987 Senate report, under the Rehabilitation Act "[f]ederal financial assistance extended to a corporation or other entity 'as a whole' refers to situations where the corporation receives general assistance that is not designated for a particular purpose." S. REP. No. 100-64 at 17 (1987). In her revised proposed second amended complaint, Drachman alleges that "Defendant Boston Scientific . . . received Federal financial assistance of $174,150

---

[5] Section 504 of the Rehabilitation Act is now codified as 29 U.S.C. § 794.

5

in the form of Federal grant funding in Fiscal Year 2013 while it employed Plaintiff." (#35-1 ¶ 102 subpart J.) In response, defendants argue that Drachman fails to allege the nature of the grant or for what purpose it was earmarked.[6] (#40 at 5-6.) These are exactly the type of questions for which answers will be provided via the discovery process. Drachman's allegation provides sufficient factual support – an exact amount of money and the year in which it was received – to remove itself from the realm of conclusory. Taking the facts alleged in a light most favorable to plaintiff, one can reasonably infer that BSC was the recipient of federal assistance as a whole, thereby satisfying the second element of Drachman's Rehabilitation Act claim. For that reason the portion of plaintiff's claim premised on BSC's alleged direct receipt of federal grant money shall stand.

B. Principally Engaged in the Business of Providing Health Care – 29 U.S.C. § 794(b)(3)(A)(ii).

Drachman's remaining proposed amendments – concerning BSC's alleged receipt of federal funding in connection with its provision of health care – must fail. The stumbling block for plaintiff is her inability to substantiate adequately the contention that BSC is principally engaged in the business of providing health care. Drachman's sole allegation in support of her argument that BSC is a health care provider is that BSC's mission statement, as posted on its website, states that "Boston Scientific is dedicated to transforming lives through innovative medical solutions that improve the health of patients around the world." (#31 at 6 (quoting ¶ 101 of the proposed second amended complaint).) This is insufficient to demonstrate that BSC is the type of corporation that Congress intended to be covered under the Rehabilitation Act's "principally engaged in health care" provision.

---

[6] Counsel for defendants also notes that "the undersigned has been unable to verify that BSC received any such grant." (#40 at 5.) This is irrelevant in the context of a Rule 12(b)(6) analysis.

While it is true that "[t]he statute does not define further what it means to be 'principally engaged' in one of the delineated businesses, or what any of the specific businesses, e.g., ['health care,'] entails[,]" *Doe v. Salvation Army in U.S.*, 685 F.3d 564, 568 (6th Cir. 2012), Drachman proffers no case – and the court is not aware of any – in which an entity similar to BSC[7] was found to be a health care provider under the Rehabilitation Act. Moreover, review of the case law of this circuit supports the conclusion that BSC is not such an entity. *See, e.g.*, *Hee Man Chie*, 250 F.3d 47 (doctor deemed covered); *Glanz v. Vernick*, 756 F. Supp. 632, 636 (D. Mass. 1991) (doctor and hospital deemed covered). The overarching theme of these cases is that health care providers offer some form of treatment or direct assistance to individuals. Drachman does not allege that BSC provides this type of service. Thus, she has failed to allege adequately that BSC is an entity that is principally engaged in the business of providing health care, and any proposed allegations concerning its liability under 29 U.S.C. § 794(b)(3)(A)(ii) fail to state a claim upon which relief can be granted.

## V. Conclusion.

Plaintiff's Motion for Leave to File a Second Amended Complaint (#30) is ALLOWED in part and DENIED in part.[8] Drachman's Rehabilitation Act claim is limited to BSC's alleged direct receipt of federal financial assistance as a whole, in accordance with 29 U.S.C. § 794(b)(3)(A)(i). Plaintiff shall file her second amended complaint as detailed in this Order, within one week of the date of this Order.

---

[7] The revised proposed second amended complaint states that "Defendant Boston Scientific Corporation is a global Fortune 500 medical device [c]ompany . . . ." (#35-1 ¶ 7.)

[8] To the extent Drachman advances a claim under § 503 of the Rehabilitation Act, 29 U.S.C. § 793, her claim is denied. No private right of action exists under § 503 of the Rehabilitation Act. *See Healy v. Bergman*, 609 F. Supp. 1448, 1451 n. 3, 1452–1453 (D. Mass. 1985) (collecting cases).

                                                            <u>/s / M. Page Kelley</u>
                                                            M. Page Kelley
July 5, 2017                                    United States Magistrate Judge