UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


AMY DRACHMAN,
    Plaintiff,


        v.                                  CIVIL ACTION NO. 16-11022-GAO


BOSTON SCIENTIFIC CORPORATION,
ANN FITZPATRICK,
ELIZABETH S. HENDLER, and
JEAN F. LANCE,
    Defendants.


MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR LEAVE TO
FILE A THIRD AMENDED COMPLAINT (#61).

KELLEY, U.S.M.J.

I. Introduction.

    Plaintiff Amy Drachman, pro se, moves the court to allow a third amended complaint to add a claim for "interference with her right to receive severance benefits in violation of [ERISA and the ADA]." (#61 at 1.) This would be plaintiff's fourth complaint since she initiated this action in June 2016. (#1.) Plaintiff's proposed third amended complaint "aris[es] under the same set of facts alleged in the Second Amended Complaint." (#61 at 2.) The motion reflects a lack of diligence and is brought after undue delay. Therefore, for the reasons set out below, this court denies plaintiff's motion.

II. The Facts.

General familiarity with the facts of this case is presumed.[1] The court will set forth abbreviated facts as background.[2]

Boston Scientific Corporation (BSC) is a medical device manufacturer and plaintiff's former employer. (#46 ¶¶ 5, 7.) Plaintiff began working for BSC on September 1, 2010 as BSC's Director of Employment Policy and Compliance. *Id.* ¶¶ 5, 11. Plaintiff has a medical condition that, in 2013, resulted in her taking a leave of absence from work and limited her to working in a part-time capacity after that. *Id.* ¶¶ 12-23. Plaintiff alleges that BSC failed to make appropriate accommodations for her and ultimately terminated her because of her disability. *See generally id.* In her proposed third amended complaint, plaintiff also alleges that her termination was mischaracterized as a non-layoff, so that BSC could avoid paying severance. (#61-1, Count III at 18-21.)

After her termination, plaintiff requested severance benefits under BSC's ERISA plan in September 2015 via a letter from her attorney. *Id*. Ex. 8 at 1. BSC denied the claim on January 29, 2016, finding in part that Drachman's employment was terminated by reason of the limitations imposed by her disability, and not due to anything that could be characterized as a layoff . *Id*. In its denial, BSC stated that if plaintiff's claim were denied again after appeal to the benefits committee, plaintiff would be given "an explanation of [her] right to bring a civil court action under Section 502(a) of the Employee Retirement Income Security Act. . . ." *Id.* Ex. 8 at

---

[1] A complete recitation of the underlying facts of this case can be found in this court's earlier Report and Recommendation. (#28 at 2-7.)

[2] While plaintiff's objections to the restriction in scope of the Rehabilitation Act claims are pending, *see, e.g.,* #47, these objections have no bearing on the issues presented here.

5. Plaintiff emailed BSC to request additional information "in connection with [her] appeal" on March 15, 2016. *Id.* Ex. 9. BSC replied by letter on April 14, 2016, responding to plaintiff's requests for documents and letting her know where her appeal should be sent. *Id.* Ex. 10. In the more than 18 months since the letter was sent, Drachman has not filed an appeal. (#63 at 4.)

III. Procedural History.

Plaintiff, an experienced employment attorney (#1 ¶ 5), initiated this case on June 2, 2016 by complaint against BSC and several of its executive employees.[3] *Id.* Plaintiff alleged claims under the Family Medical Leave Act, the Massachusetts Wage Act, and the Americans with Disabilities Act (ADA), as well as common law claims for breach of the covenant of good faith and fair dealing relating to her termination from the company. *Id.* Plaintiff's severance-related claims included:

- Plaintiff was wrongfully denied severance that she had applied for "after she fully understood that her involuntary termination was not really due to defendants' inability to accommodate her part time schedule." *Id.* ¶¶ 74, 76, 79-84.

- Her termination "was inaccurately characterized by Defendants as an inability to accommodate instead of what it was: a pretense." *Id.* ¶ 75.

- Plaintiff's job had been "restructured" and defendants had terminated her and denied her severance because of her FMLA leave, whereas others had received severance "regardless of whether the employee satisfied the severance plan's narrow definition of severance-triggering events." *Id.* ¶¶ 81, 83, 87-88.

---

[3] While certain claims in this litigation are alleged solely against BSC, as opposed to the individual defendants, the court will refer to the opposing party as "defendants" for consistency's sake.

3

- Plaintiff's denial of severance violated the ADA, *id.* ¶¶ 96-101, and constituted a breach of the duty of good faith and fair dealing. *Id.* ¶¶ 102-08.
- Defendants "refus[ed] to provide to her the severance benefit after proffering a pretextual reason for her termination. . . ." (#1 ¶ 106.)

Plaintiff's initial complaint contained, then, allegations that defendants had mischaracterized her termination and that she had been denied severance benefits as a result.

Defendants moved to dismiss certain claims on August 22, 2016 (##16, 17), citing, among other points, a failure to exhaust administrative remedies as required by ERISA (#17 at 10 n.4) and ERISA preemption. *Id.* at 12 n.5. Thus, plaintiff was on notice of the ERISA-related defenses almost fourteen months before filing her motion for a third amended complaint.

On September 9, 2016, plaintiff filed her first amended complaint (#20) adding a claim for breach of contract and explicitly referencing defendants' ERISA and "Off Book Severance" plans. *Id.* ¶¶ 66-70, 131. Plaintiff echoed the pretext and severance claims of her first complaint, stating again that she "came to understand that Defendants [ . . .] planned to discontinue the role that Ms. Drachman had performed [. . .] and that Ms. Drachman's work restriction provided a convenient excuse and cover to terminate her." *Id.* at ¶ 82, *see also* ¶ 83 (calling defendants' explanation of plaintiff's termination "pretense"). Plaintiff recounted her failed attempt to collect severance "following the procedures set forth in the Company's official ERISA severance plan." *Id.* ¶ 123. Plaintiff also asserted that she had been denied Off Book Severance that was "regularly offer[ed] to similarly situated employees who are not disabled under the [. . .] ADA." *Id.* at ¶ 120. Defendants again moved to dismiss portions of the first amended complaint. (#21.) Defendants' motion referenced ERISA preemption and exhaustion of administrative remedies. *Id.* at 15 n.8.

4

This court issued a Report and Recommendation on Defendants' [Second] Motion to Dismiss (#28) which recommended dismissing the first amended complaint in part. The recommendation was adopted in full by the district judge to whom this case is assigned, O'Toole, J. (#34.) Of interest here, the Report and Recommendation discussed the lack of clarity of plaintiff's severance claim, and stated that Count III would be interpreted "as though she asserts [defendant's] failure to provide ERISA or unofficial severance benefits constituted a violation of the ADA." (#28 at 13-14 n.7.) Count III was not dismissed, as the court determined that plaintiff's ADA claim had been timely filed. *Id.* at 15. Count IV, which alleged BSC's failure to pay severance was a breach of contract, was dismissed on the basis, in part, that no contract existed with respect to the unofficial severance plan. *Id*. at 17.

After the Report and Recommendation was issued, but before it was adopted, plaintiff filed a motion for leave to file a second amended complaint (##30, 31) to add a claim against BSC for violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, along with facts in support. Defendants opposed the motion. (##32, 40.) This court issued a Memorandum and Order allowing plaintiff to file a second amended complaint but not allowing plaintiff to make certain claims. (#41.) Plaintiff filed her second amended complaint but also objected to the denial of inclusion of certain claims. (## 46-47.)

Plaintiff's currently-operative second amended complaint made factual allegations similar to her prior two complaints. Plaintiff claimed BSC failed to pay plaintiff "severance benefits which it customarily pays to employees who are involuntarily terminated," referencing both BSC's ERISA plan and "Off Book Severance Plan." (#46 ¶¶ 64-71). Further, defendants allegedly failed to pay severance after plaintiff "follow[ed] the procedures set forth in the Company's official ERISA severance plan," *id.* ¶ 119, despite paying severance to non-disabled

5

employees, in violation of the ADA. *Id.* ¶¶ 116, 121. Plaintiff contended, again, that defendants had "planned to discontinue the role that Ms. Drachman had performed" and that defendants' characterization of her termination was "pretext." *Id.* ¶¶ 82-83. Plaintiff asked for severance benefits in her prayer for relief under Count III pursuant to the ADA and Rehabilitation Act. *Id.* at 23 ¶ (C)(1).

Defendants filed an answer to plaintiff's second amended complaint on July 24, 2017. (#50.) Defendants cited ERISA preemption as an affirmative defense against plaintiff's claims for severance benefits (#50 ¶ 9), as well as plaintiff's failure to exhaust administrative remedies under ERISA. *Id.* ¶ 10. Discovery has begun in the case. *See, e.g.,* #60 (Plaintiff's Notice of Rule 26 Disclosure).

On October 5, 2017, sixteen months after filing her initial complaint, plaintiff moved this court to allow her to file a third amended complaint. (#61.) Plaintiff seeks leave to add a claim, Count III, for "interference with her right to receive severance benefits [. . .] in violation of [ERISA and the ADA]." *Id.* at 1. In essence, plaintiff asserts that defendants "mischaracterized Ms. Drachman's termination" as other than a layoff, to avoid paying severance benefits. (#61-1 ¶ 134.) Plaintiff also newly claims that defendants' severance plan violates the ADA because it "require[es] that [disabled employees'] severance benefits be coordinated with disability benefits." *Id*. ¶¶ 119-20, #61-2 Ex. 5. Defendants oppose the motion, claiming both undue delay and the futility of plaintiff's proposed new claims. (#63.)

IV. <u>Standard of Review</u>.

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." However, "a district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part." *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (internal quotations and citation omitted), *Turner v. Hubbard Sys., Inc.*, No. CIV. A. 12-11407-GAO, 2015 WL 3743833, at *2 (D. Mass. June 15, 2015) ("It is well established [. . .] that leave may be denied if it would reward undue delay or a lack of due diligence.") (citing *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

V. <u>Discussion</u>.

Plaintiff's motion to file a third amended complaint, her attempted fourth bite at the apple, does not meet the required standard. The proposed new ERISA and ADA claims, that (1) defendants mischaracterized the reasons for plaintiff's discharge to avoid paying severance benefits, and that (2) defendants' severance plan discriminated against disabled employees, arise out of no new facts or newly-discovered law. As detailed in the procedural history, plaintiff has made numerous factual allegations and legal claims based on her denial of severance and violation of the ADA in her three prior complaints, and defendants have continually brought ERISA to plaintiff's attention. Plaintiff's delay is unwarranted.

The court will not reward delay and lack of diligence:

> Plaintiffs must exercise due diligence in amending their complaints. As a corollary of that principle, busy trial courts, in the responsible exercise of their case management functions, may refuse to allow plaintiffs an endless number of trips to the well.

*Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 58 (1st Cir. 2006). As the First Circuit recognizes, "when a considerable period of time has passed between the filing of the complaint

7

and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *Nikitine*, 715 F.3d at 390–91 (internal quotations and citation omitted) (upholding denial of leave to file a first amended complaint where plaintiff waited nine months); *see also Steir,* 383 F.3d at 14 (upholding denial of leave to amend where plaintiff failed to file her motion to amend until three months after learning information relevant to her new claim). Plaintiffs are not entitled to "scramble to devise 'new theories of liability [ ] based on the same facts pled in [their] original complaint [. . .] theories that could and should have been put forward in a more timeous fashion." *Nikitine*, 715 F.3d at 391 (internal quotations, internal citations and citations omitted). Here, plaintiff attempts to file a third amended complaint, on the same set of facts as the original complaint, sixteen months after initiating suit.

Plaintiff herself admits that her proposed third amended complaint "aris[es] under the same set of facts alleged in the Second Amended Complaint." (#61 at 2.) Moreover, plaintiff's proposed new claims are brought under ERISA and ADA, both areas of law with which plaintiff has been long-familiar and has often cited. In fact, plaintiff has been aware of her potential ERISA claim since before her first complaint was filed. As she herself notes, plaintiff applied for ERISA benefits, and was denied such benefits, before she filed her complaint. (*See, e.g.*, #61-2 Ex. 8.) Plaintiff has not met her burden to justify raising her new claims at this late date.[4]

Plaintiff's claim that she "is representing herself in this action and she required time to research ERISA and prepare this motion and corresponding amended complaint" (#61 at 8) rings hollow where plaintiff is both an employment attorney and, as described throughout, has made prior ERISA and ADA claims both before and during this litigation. Defendants have already

---

[4] While the scheduling order in this case (#59) sets a December 1, 2017 deadline for amendments to the pleadings, this deadline does not serve as an invitation for endless amendments reflecting no new facts or law. The deadline does not relieve plaintiff of the required Rule 15 showing.

8

filed two motions to dismiss and have answered plaintiff's currently-operative second amended complaint. Plaintiff's failure to assert her proposed ERISA/ADA severance claim earlier in this litigation, where plaintiff had essentially made all the relevant assertions and had repeatedly cited the relevant law, reflects a lack of diligence.

As detailed in the procedural history above, plaintiff's severance claim has been in play throughout this litigation. In her first complaint, plaintiff made, essentially, the same claim she attempts to add here, namely that:

> BSC [. . .] used the Americans with Disability Act [. . .] to its own purposes by finding a loophole through which it could (a) restructure her position; and (b) attempt to excuse the Company's refusal to offer her the benefit of severance, which it offered to similarly situated employees.

(#1 ¶ 76.) Plaintiff further stated that she had "initiated a request for severance benefit [. . .] after she fully understood that her involuntary termination was not really due to Defendants' inability to accommodate her part time schedule." (#1 ¶ 79.) In support of her claim for breach of the covenant of good faith and fair dealing, plaintiff stated that defendants "refus[ed] to provide to her the severance benefit after proffering a pretextual reason for her termination. . . ." (#1 ¶ 106.) These assertions mirror plaintiff's proposed "new" claim. In their motion to dismiss certain claims of plaintiff's first complaint, defendants cited, among other points, a failure to exhaust administrative remedies as required by ERISA (#17 at 10 n.4) and ERISA preemption. *Id.* at 12 n.5.

Plaintiff's allegations regarding pretext and severance are echoed in her first amended complaint. (#20 ¶¶ 82-86.) Plaintiff's first amended complaint also specifically referenced BSC's ERISA plan and plaintiff's failed attempt to receive benefits "following the procedures set forth in the Company's official ERISA severance plan." (#20 ¶¶ 64, 66-67, 123-4.) Defendants moved to dismiss portions of plaintiff's first amended complaint. (##21, 22.) In its Report and

9

Recommendation, the court noted that Count III would be interpreted "as though she asserts [defendant's] failure to provide ERISA or unofficial severance benefits constituted a violation of the ADA." (#28 at 13-14 n.7.) The court also recommended denial of plaintiff's severance-based contract claim. (#28.)

Even before the district court adopted the Report and Recommendation, plaintiff filed a motion to file a second amended complaint. (##30, 31.)[5] While the motion was granted in part and denied in part (#41), plaintiff's second amended complaint as filed claimed that she was denied severance, referencing both ERISA and BSC's "Off Book Severance Plan." (#46 ¶¶ 64-71.) In Count III of the second amended complaint, plaintiff claimed defendants failed to pay severance after Ms. Drachman "follow[ed] the procedures set forth in the Company's official ERISA severance plan," *id.* ¶ 119, despite paying severance to non-disabled employees, in violation of the ADA, *id.* ¶¶ 116, 121. Plaintiff asked for severance benefits in her prayer for relief under Claim III. *Id.* at 23 (C)(1). Given the content of plaintiff's prior three complaints, defendants' responses to them, and plaintiff's insufficient explanation for her lengthy delay, plaintiff has not acted diligently. Because plaintiff's motion so demonstrably reflects undue delay and lack of diligence, the court need not reach the issue of futility.[6]

---

[5] To the extent plaintiff's second amended complaint responded to the court's Report and Recommendation, and third amended complaint responds to the court's adoption of the Report, the court notes that it "cannot allow its orders of dismissal to serve simply as advisory opinions and then allow plaintiffs to make new allegations in an amended complaint that could, with due diligence, have been made long ago." Hamilton v. Bean, 609 F. Supp. 325, 328 (W.D. Tenn. 1983), *aff'd*, 745 F.2d 1034 (6th Cir. 1984).

[6] Were the court to address futility, it appears that plaintiff's ERISA and ADA claims are futile. Plaintiff's ERISA claim does not plead the required prohibited employment action, as it focuses solely on mischaracterization, and asserts a claim for benefits under Section 510, which provides equitable relief where other relief is unavailable, instead of under Section 502 (a)(1), *see Varity Corp. v. Howe*, 516 U.S. 489, 512, 515 (1996). Plaintiff's ADA claim fails because the provision at issue is not discriminatory; it provides for an offset that would result in equal benefits paid.

V. <u>Conclusion</u>.

For the above reasons, plaintiff's Motion for Leave to File Third Amended Complaint (#61) is DENIED.

|  |  |
|---|---|
| November 16, 2017 | <u>/s / M. Page Kelley</u><br>M. Page Kelley<br>United States Magistrate Judge |

---

*See* EEOC Directive No. 915.003 (Oct. 3, 2000), https://www.eeoc.gov/policy/docs/benefits.html ("If the employer has provided equal benefits, there is no ADA violation.").